**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY<br><br>and<br><br>ZANDER SOLUTIONS, LLC<br><br>      Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL MOTORS, LLC<br><br>and<br><br>ABC INSURANCE COMPANY,<br><br>      Defendants | Case No. 3:25-cv-1066-JDP |

**DEFENDANT INTERNATIONAL MOTORS, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant International Motors, LLC ("International Motors"), by and through its counsel, Quarles & Brady LLP, hereby responds to the Complaint of Western National Mutual Insurance Company and Zander Solutions, LLC (collectively, "Plaintiffs") as follows:

**PARTIES**

1.      Plaintiff Western National Mutual Insurance Company, ("Western National") is a foreign company licensed to sell insurance in the State of Wisconsin. Its principal place of business is located at 4700 77th Street, Edina, Minnesota.

**ANSWER:    International Motors lacks information or knowledge sufficient to form**

**a belief as to the truth of the allegations in Paragraph 1; therefore, denies.**

2.      Plaintiff Zander Solutions, LLC, ("Zander Solutions") is a domestic corporation authorized to conduct business within the State of Wisconsin and has a principal place of business located at 421 S. Mound Road, Verona, Wisconsin.

1

QB\100065760.3

**ANSWER:    International Motors admits the allegations in Paragraph 2 upon information and belief.**

3.    Defendant International Motors, LLC, ("International Motors") is a foreign insurance corporation duly authorized to conduct business within the State of Wisconsin and has a principal place of business located at 2701 International Drive, Lisle, Illinois. International Motors' registered agent for purposes of service of process is Corporation Service Company, 33 E. Main Street, Suite 610 Madison, Wisconsin, 53703.

**ANSWER:    International Motors denies that it is an insurance company. International Motors admits that its principal place of business is located at 2701 International Drive, Lisle, Illinois and that it is authorized to conduct business within the State of Wisconsin. International Motors further admits it was properly served through Corporation Service Company. International Motors affirmatively avers that it is a Delaware limited liability company.   International Motors lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3; therefore, denies.**

4.    Defendant ABC Insurance Company, as an insurer of International Motors, is designated by a fictitious name pursuant to Wis. Stat. § 807.12.

**ANSWER:    The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent that any of the allegations in Paragraph 4 contain factual assertions, International Motors denies them.**

### FACTS

5.    International Motors designed, engineered, manufactured, introduced into the stream of commerce, and sold a 2019 International CV515 truck, VIN 1HTKSSWK1KH414113 ("the truck").

**ANSWER:    International Motors admits that it participated, in part, in the design, manufacture, and sale of a 2019 International CV515 truck bearing VIN 1HTKSSWK1KH414113. International Motors affirmatively avers that "the truck"**

2

**contains numerous component parts that were engineered and manufactured by multiple different entities and denies all remaining inconsistent allegations in Paragraph 5.**

6.      In June 2023, International Motors issued a recall that included the truck. See Exhibit A (recall 23511). According to the recall, issued and copyrighted by International Motors:

> The brake pressure switch may allow brake fluid to seep past the diaphragm seal into the brake pressure switch electrical connector and associated fuse, which can short the switch and/or fuse. A shorted switch or fuse may cause the circuit to generate excessive heat, which can result in a fire, increasing the risk of property damage . . . .

**ANSWER:   International Motors admits that it issued a recall including the truck in June 2023. International Motors affirmatively avers that the recall notice attached to Plaintiffs' Complaint as Exhibit A speaks for itself and denies any allegations inconsistent therewith. International Motors specifically denies any liability to Plaintiffs.**

7.      On February 29, 2024, the truck spontaneously combusted, causing a catastrophic fire ("the fire"). The fire caused Zander Solutions to sustain property damage and extra expenses with an actual cash value in excess of $3.2 million.

**ANSWER:   International Motors admits that the truck was involved in a fire. International Motors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7; therefore, denies. International Motors specifically denies any liability to Plaintiffs.**

8.      In August 2025, International Motors issued a second recall that included the truck. See Exhibit B (recall 25507). According to that recall:

> You may already have been contacted about a similar Safety Recall 23511 (NHTSA 23V-282) in June of 2023. Any vehicle remedied under that recall also requires this recall remedy to be performed. A final remedy has been determined. Parts are on order, but availability is currently unknown. A second notice will be sent to you, once the free remedy is available.

3

**ANSWER:** **International Motors admits that it issued a recall including the truck in August 2025. International Motors affirmatively avers that the recall notice attached to Plaintiffs' Complaint as Exhibit B speaks for itself and denies any allegations inconsistent therewith. International Motors specifically denies any liability to Plaintiffs.**

9. At the time of the fire, Western National had issued to Zander Solutions, and there was in full force and effect, a policy of insurance that insured Zander Solutions against the damages caused by the fire. As required by, and pursuant to its policy, Western National paid to, or on behalf of, Zander Solutions for a portion of the damages caused by the fire, and is subrogated to the rights of Zander Solutions to the extent of its payments.

**ANSWER:** **International Motors lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9; therefore, denies.**

**FIRST CAUSE OF ACTION:**
**STRICT PRODUCT LIABILITY CLAIM AGAINST INTERNATIONAL MOTORS**

10. The foregoing paragraphs are incorporated herein by reference.

**ANSWER:** **International Motors incorporates its responses to Paragraphs 1-9 as if fully restated herein.**

11. The truck was defective in its design.

**ANSWER:** **International Motors denies.**

12. The foreseeable risks of harm posed by the truck could have been reduced or avoided by the adoption of a reasonable alternative design by International Motors, namely, the "final remedy" identified in recall 25507.

**ANSWER:** **International Motors denies.**

13. The omission of the alternative design rendered the truck not reasonably safe and unreasonably dangerous to Zander Solutions' property.

**ANSWER:** **International Motors denies.**

14. The defective condition existed at the time the truck left the control of International Motors.

QB\100065760.3

**ANSWER:**    **International Motors denies.**

15.    The truck reached Zander Solutions without substantial change in the condition in which it was sold.

**ANSWER:**    **International Motors lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15; therefore, denies.**

16.    The defective condition was a cause of the plaintiffs' damages.

**ANSWER:**    **International Motors denies.**

**SECOND CAUSE OF ACTION:**
**NEGLIGENCE CLAIM AGAINST INTERNATIONAL MOTORS**

17.    The foregoing paragraphs are incorporated herein by reference.

**ANSWER:**    **International Motors incorporates its responses to Paragraphs 1-16 as if fully restated herein.**

18.    International Motors had a duty of reasonable care in in both the design of the truck and the investigation into the facts leading to the first recall.

**ANSWER:**    **The allegations in Paragraph 18 state a legal conclusion to which no response is required. To the extent that any of the allegations in Paragraph 18 contain factual assertions, International Motors denies.**

19.    International Motors breached its duty of reasonable care in the following, and other, ways:

   a. It failed to use reasonable care in the design, engineering, testing, and manufacturing of the truck so as to eliminate the defective conduction that caused the fire;
   b. It failed to use reasonable care in the investigation into the causes of fires that resulted in the first recall; and
   c. It failed to use reasonable care in developing and stating in the first recall a solution for the defect that, in fact, did not eliminate the defect or risk of fire.

**ANSWER:**    **International Motors denies.**

20.    International Motors' breach of its duty was a cause of the fire and resulting damages.

**ANSWER:**    **International Motors denies.**

5

**THIRD CAUSE OF ACTION:**
**LIABILITY OF ABC INSURANCE COMPANY**

21.    The foregoing paragraphs are incorporated herein by reference.

**ANSWER:    International Motors incorporates its responses to Paragraphs 1-20 as if fully restated herein.**

22.    At the time of the loss, ABC Insurance had in full force and effect one or more policies of liability insurance that provided coverage to International Motors, insuring it against liability for the aforementioned damages, and agreeing to pay any and all amounts which it may become legally obligated to pay for the aforementioned damages. By virtue of these policies, ABC Insurance is a proper party to this action pursuant to Wis. Stat. § 803.04.

**ANSWER:    The allegations in Paragraph 22 state a legal conclusion to which no response is required. To the extent that any of the allegations in Paragraph 22 contain factual assertions, International Motors denies.**

23.    ABC Insurance is directly liable to the plaintiffs for the damages caused by its insured, International Motors, pursuant to Wis. Stat. § 632.24.

**ANSWER:    The allegations in Paragraph 23 state a legal conclusion to which no response is required. To the extent that any of the allegations in Paragraph 23 contain factual assertions, International Motors denies.**

**AFFIRMATIVE DEFENSES**

International Motors hereby states the following affirmative defenses. International Motors reserves the right to assert other affirmative and additional defenses, and to otherwise supplement this Answer.

1.    Plaintiffs fail to state a claim against International Motors upon which relief can be granted.

2.    If Plaintiffs sustained any damages, which is specifically denied, said damages were caused in whole or in part, or contributed to by the acts, omissions, negligence or causal fault of Plaintiffs or other persons or entities, for whom International Motors is not responsible, and were

6

not due to or caused by any fault, lack of care, negligence or breach of duty by International Motors. If it is determined that said causal fault was caused in whole or in part, or contributed to by the acts, omissions, negligence or causal fault of Plaintiffs or other persons or entities for whom International Motors is not responsible, and it does not act as a complete bar to Plaintiffs' claims against International Motors, International Motors is entitled to an apportionment of all such causal fault and proportionate reduction of any award against it pursuant to applicable law, including Wis. Stat. § 895.045.

3.    To the extent Plaintiffs failed to mitigate Plaintiffs' damages, if any, then Plaintiffs' damages must be reduced accordingly.

4.    Plaintiffs' claims should be dismissed based upon Plaintiffs' misuse and/or modification of the subject product.

5.    Plaintiffs' claims are barred, in whole or in part, because the damages caused by the product, if any, were caused by an inherent characteristic of the product that cannot be eliminated without substantially compromising the product's usefulness, utility, or desirability.

6.    Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because their alleged damages were caused by their failure to follow the product instructions and warnings, other commonly available information and instructions, and/or their failure to avoid commonly known risks associated with the maintenance, and/or use of the product in question.

7.    International Motors incorporates herein all defenses available to it under applicable law, including Wis. Stat. § 895.047(3).

8.    No alleged act or omission of International Motors was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive damages is barred.

7

9.    Plaintiffs' damages, if any, were the result of open and obvious risks of which they were or should have been aware and which they accepted, consented to, and assumed.

10.    The subject product met all applicable industry standards, applicable codes, and was state of the art at the time of manufacture and/or the time of alleged injury.

11.    Plaintiffs are precluded from proceeding against International Motors to the extent that they failed to preserve or to cause others to preserve evidence relating to the incident that forms the subject matter of this action.

12.    Plaintiffs failed to join all necessary parties to this action.

13.    International Motors denies any liability to Plaintiffs. However, if International Motors is liable at all, International Motors's liability is several only. International Motors is not liable or responsible for the fault of any other party against whom recovery is sought, or will be sought, or for the fault of any person or entity with whom Plaintiff has or will settle.

14.    International Motors reserves the right to add additional affirmative defenses pending discovery.

WHEREFORE, having fully answered all allegations contained in Plaintiffs' Complaint, International Motors prays for the following relief:

a.    That Plaintiffs' Complaint be dismissed with prejudice;

b.    That judgment be entered in favor of International Motors on all claims asserted in the Complaint;

c.    That costs be assessed against Plaintiffs; and

d.    That International Motors receives such other relief as the Court may deem just and proper.

8

QB\100065760.3

Dated: January 9, 2026

Respectfully submitted,

QUARLES & BRADY LLP

*/s/Sydney E. VanBerg*

Sara Scullen (SBN 1030763)
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202-4426
(414) 277-5000
sara.scullen@quarles.com

Sydney E. VanBerg (SBN 1101335)
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000
sydney.vanberg@quarles.com

*Attorneys for Defendant International Motors, LLC*

9